UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Fox

    v.                                        Civil No. 21-cv-158-SE
                                              Opinion No. 2022 DNH 051
Warden, FCI Berlin

O R D E R

Robert Fox, proceeding pro se, filed a petition under 28
U.S.C. § 2241, challenging disciplinary proceedings that
resulted in his loss of 27 days of good conduct time and a fine.
Doc. no. 1. He filed his petition in the District of New
Hampshire on February 19, 2021. At that time, Fox was
incarcerated at the Federal Correctional Institution in Berlin,
New Hampshire ("FCI Berlin"). His petition correctly named the
warden of FCI Berlin as the respondent. On May 14, 2021, the
warden filed a motion to dismiss, arguing that Fox failed to
exhaust administrative remedies, which the court construed as a
motion for summary judgment. Doc. nos. 7-8; see Endorsed Order,
July 9, 2021.[1]

Subsequently, the Federal Bureau of Prisons ("BOP")
redesignated and transferred Fox from FCI Berlin to the Federal
Correctional Institution in Terre Haute, Indiana ("FCI Terre
Haute"). Doc. no. 18-1. Fox departed FCI Berlin on May 27, 2021,

---

[1] The court will issue a separate order on the warden's
motion for summary judgment.

and arrived at FCI Terre Haute on July 15, 2021. Id. On February
18, 2022, the warden filed the instant motion to dismiss,
arguing that Fox's transfer to FCI Terre Haute deprives the
court of jurisdiction over the petition. Doc. no. 18. The warden
accordingly asks the court to dismiss Fox's petition without
prejudice. Id.

    Fox did not file an objection to the warden's motion to
dismiss. The lack of an objection to a motion to dismiss does
not prevent the court from evaluating the motion on the merits.
See Pinto v. Univ. of P.R., 895 F.2d 18, 19, 19 n.1 (1st Cir.
1990); LR 7.1(b). After due consideration, the court determines
that the warden is incorrect. Fox's transfer to FCI Terre Haute
does not deprive the court of jurisdiction over Fox's § 2241
petition.

    The federal habeas statute provides that the proper
respondent to a habeas petition is "the person who has custody
over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The
writ, or order to show cause shall be directed to the person
having custody of the person detained."). This requirement is
known as the "immediate custodian rule." Rumsfeld v. Padilla,
542 U.S. 426, 435 (2004). Additionally, courts may only grant
habeas relief "within their respective jurisdictions." 28 U.S.C.
§ 2241(a). In other words, the court issuing the writ must

generally "have jurisdiction over the custodian." Padilla, 542 U.S. at 442 (quotation omitted).

Much federal case law has been devoted to the question of jurisdiction in § 2241 habeas corpus proceedings. See Lee v. Warden, FCI Berlin, 2021 WL 3055027 (D.N.H. July 21, 2021), approving Lee v. Warden, FCI Berlin, No. 20-cv-148-PB, 2021 WL 3066280, at *1-3 (D.N.H. July 1, 2021) (report and recommendation) (collecting cases). Two Supreme Court decisions fuel the analyses in many such cases, particularly those addressing the question posed here: whether a prisoner's post-filing transfer to another jurisdiction impacts the original court's ability to grant habeas relief. Those Supreme Court decisions are Padilla, supra, and Ex parte Endo, 323 U.S. 283 (1944)

In Endo, as in this case, there was no dispute that the petitioner's § 2241 petition was properly filed in the first instance when the petitioner filed in the district in which she was confined, naming as the respondent her immediate custodian. Endo, 323 U.S. at 285, 304, 306. Instead, as in this case, the question was whether the petitioner's post-filing transfer to an out-of-state facility deprived the original court of jurisdiction over the petition. Id. at 304. Government authorities had sent Mitsuye Endo, an American citizen of Japanese descent, to a War Relocation Center in northern

California. Id. at 284-85. She filed a petition seeking her freedom in the District Court for the Northern District of California. Id. at 285. The district court denied her petition, and Endo began the process of appealing to the Ninth Circuit. Id. Before the Ninth Circuit could hear the case, the government sent Endo to a War Relocation Center in Utah. Id.

The Supreme Court discussed the jurisdiction of the district court in California to issue a writ of habeas corpus in view of Endo's transfer to Utah while the case was ongoing. See id. at 304-07. The Court stated that the California district court had "acquired jurisdiction," id. at 306, and assessed whether there was anyone "within the jurisdiction of the District Court who is responsible for the detention of appellant and who would be an appropriate respondent," id. at 304-05. The Court concluded there were several officials -- the Acting Secretary of the Interior and "any official of the War Relocation Authority"[2] -- who could carry out any order that the California district court issued on Endo's petition. Id. Thus, the Court held that "the District Court acquired jurisdiction in this case and that the removal of Mitsuye Endo did not cause it

_____

[2] "(including an assistant director [of the War Relocation Authority] whose office is at San Francisco, which is in the jurisdiction of the District Court.)" Id. at 305.

to lose jurisdiction where a person in whose custody she is remains within the district." Id. at 306.

In Padilla, the Court analyzed whether the petitioner filed his § 2241 petition, which challenged his present physical confinement, properly in the first instance. Padilla, 542 U.S. at 432-51. Padilla was originally detained in New York and was later moved to a naval brig in South Carolina. Id. at 431-32. After he was transferred to South Carolina and while he remained detained there, Padilla's attorney filed a § 2241 petition in the Southern District of New York. Id. at 432. The petition named as respondents the President and Secretary of Defense of the United States and the Commander of the South Carolina naval brig. Id.

The Court of Appeals had concluded that the Secretary of Defense was a proper respondent because he exercised "the legal reality of control" over Padilla and was personally involved in Padilla's detention. Id. at 433. The Supreme Court acknowledged that Endo could suggest superficially that "legal control" was sufficient but differentiated the cases on the basis that jurisdiction had attached when Endo had filed in the jurisdiction of her detention and named her immediate custodian, whereas Padilla had never done so and jurisdiction had never attached. Id. at 440-42. The Court clarified that the immediate custodian rule applies until jurisdiction attaches, or unless

some other exception applies. Id. at 441-42. Because
jurisdiction had not attached, the Supreme Court reversed the
Court of Appeals and held that the only proper respondent was
the brig Commander under the rule. Id. at 442. The Court further
held that the District Court for the Southern District of New
York did not have jurisdiction to issue a writ to the brig
Commander who was in South Carolina where the petitioner was
confined. Id. at 446-47.

Padilla and Endo govern different jurisdictional inquiries.
When the question pertains to whether a district court initially
acquired jurisdiction over a § 2241 petition challenging present
physical confinement, Padilla controls. When the question
pertains to whether the district court retains its properly
acquired jurisdiction after the petitioner was transferred out
of the district, Endo controls. As the Supreme Court's opinion
in Padilla expressly describes:

> [T]he Court's holding [in Endo] that the writ could be
> directed to a supervisory official came not in our
> holding that the District Court initially acquired
> jurisdiction -- it did so because Endo properly named
> her immediate custodian and filed in the district of
> confinement -- but in our holding that the District
> Court could effectively grant habeas relief despite
> the Government-procured absence of petitioner from the
> Northern District. Thus, Endo stands for the important
> but limited proposition that when the Government moves
> a habeas petitioner after she properly files a
> petition naming her immediate custodian, the District
> Court retains jurisdiction and may direct the writ to
> any respondent within its jurisdiction who has legal
> authority to effectuate the prisoner's release.

> Endo's holding does not help respondents here.
> Padilla was moved from New York to South Carolina
> before his lawyer filed a habeas petition on his
> behalf. Unlike the District Court in Endo, therefore,
> the Southern District never acquired jurisdiction over
> Padilla's petition.

Id. at 441 (footnote omitted).

Endo, as reiterated in Padilla, allows the court to retain jurisdiction after it attaches if the court may direct the writ to "any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Id.; Endo, 323 U.S. at 304-07. Any such respondent need not, and will not, be the petitioner's "immediate custodian" in view of the petitioner's subsequent transfer. See Padilla, 542 U.S. at 439-41; Endo, 323 U.S. at 304-07. But cf., e.g., Jones v. Hendrix, No. 2:20-CV-000247-ERE, 2021 WL 2402196, at *2 (E.D.Ark. June 11, 2021) (interpreting Padilla and Endo to require dismissal of § 2241 petition that was properly filed in the first instance because the petitioner was later transferred to a Texas federal prison and the court "lack[ed] jurisdiction over the warden of a Texas federal prison").

The First Circuit has not had occasion to conduct an inquiry under Endo with respect to retaining jurisdiction of a habeas petition after it has attached. See Vasquez v. Reno, 233 F.3d 688, 690-91, 695-96 (1st Cir. 2000) (holding that the district court lacked jurisdiction over an immigration

detainee's habeas petition that was originally filed in a district in which neither he nor his immediate custodian was physically present, and distinguishing the case from Endo, in which "the court's jurisdiction had attached"); cf. Thompson v. Barr, 959 F.3d 476, 479, 490-91 (1st Cir. 2020) (construing an immigration detainee's "Emergency Motion for Bail," which argued for immediate release due to risks posed by COVID-19 and his lengthy period of prior detention, as a § 2241 petition, and transferring said petition to the district where Thompson was confined at the time he filed the motion because the general rule under Padilla is that jurisdiction lies only in the district of confinement).

However, several other Circuit Courts of Appeal have concluded that a prisoner's transfer after a district court's jurisdiction attaches does not defeat jurisdiction over a habeas corpus petition. See In re Hall, 988 F.3d 376, 378-79 (7th Cir. 2021); Lennear v. Wilson, 937 F.3d 257, 263 n.1 (4th Cir. 2019); Pinson v. Berkebile, 604 F. App'x 649, 652-53 (10th Cir. 2015); McGee v. Martinez, 490 F. App'x 505, 506 (3d Cir. 2012); Owens v. Roy, 394 F. App'x 61, 62-63 (5th Cir. 2010); White v. Lamanna, 42 F. App'x 670, 671 (6th Cir. 2002); Harris v. Ciccone, 417 F.2d 479, 480 n.1 (8th Cir. 1969), cert. denied, 397 U.S. 1078 (1970).

Given the circumstances of Fox's case, the court retains jurisdiction pursuant to Endo, as reinforced by Padilla. But see, e.g., Lee, 2021 WL 3055027, approving Lee, 2021 WL 3066280, at *1-4 (report and recommendation); Parker v. Hazelwood, No. 17-cv-484-LM, 2019 WL 4261832, at *2-4 (D.N.H. Sept. 9, 2019). This court acquired jurisdiction over Fox's petition. At the time he filed his petition, Fox was incarcerated at the BOP facility at FCI Berlin. His petition named a proper respondent -- his immediate custodian, the warden of FCI Berlin. While his properly filed petition was pending, the BOP "procured [the] absence" of Fox from the District of New Hampshire -- by redesignating and transferring him to the BOP facility at FCI Terre Haute. Padilla, 542 U.S. at 441. Therefore, jurisdiction remains with this court and the court may direct the writ to any respondent within its jurisdiction who has legal authority to comply with any order that may issue. See id. (interpreting Endo).

As reasoned by the Seventh Circuit in Hall when a prisoner was transferred to another jurisdiction while his petition was pending:

> [Fox's] petition mirrors Endo's: he filed in the correct court and named his immediate custodian, and only later was he moved to a different place of detainment. And as in Endo, there is a respondent within the jurisdiction of the original court that has the authority to comply with any order that may issue. Throughout these proceedings, the Bureau of Prisons

has been [Fox's] ultimate custodian. Just as the
Acting Secretary of the Interior could respond to the
court's order in Endo, the Bureau can take any
necessary action here.

Hall, 988 F.3d at 379. Fox's petition seeks to have his lost

good conduct time restored, his guilty finding on the underlying

incident expunged, and the value of the fine unfrozen from his

account. See doc. no. 1 at 1-2. The BOP can take any necessary

action resulting from the court's order(s) on Fox's petition.

See Hall, 988 F.3d at 379. Therefore, the court need not dismiss

Fox's petition despite his transfer out of the District of New

Hampshire.


## Conclusion

For the foregoing reasons, the warden's motion to dismiss

(doc. no. 18) is denied. Fox's post-filing transfer to FCI Terre

Haute does not deprive the court of the jurisdiction it

previously acquired over his § 2241 petition.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

April 11, 2022

cc:  Robert Fox, pro se.
     Seth R. Aframe, Esq.