```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE


Robert F. Fox

     v.                             Civil No. 21-cv-158-SE
                                    Opinion No. 2022 DNH 052
Warden, FCI Berlin
```

## O R D E R

Robert Fox, proceeding pro se, brings a petition under 28 U.S.C. § 2241, challenging disciplinary proceedings that resulted in his loss of 27 days of good conduct time and a fine. The warden moves for summary judgment, arguing that Fox failed to exhaust his administrative remedies.[1] Doc. no. 7. Fox objects. For the following reasons, the warden's motion is denied without prejudice.

## Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill,

---

[1] The motion was filed as a motion to dismiss, but the magistrate judge decided to treat the motion as one for summary judgment because the warden submitted exhibits in support. See Endorsed Order, July 9, 2021.

15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021).

## Discussion

In his petition, Fox states that he was charged in Incident Report No. 3384451, dated March 31, 2020, with extortion, blackmail, protection, and demanding or receiving money for protection in violation of Bureau of Prisons ("BOP") Code 204. Although not entirely clear from the record, it appears that a Discipline Hearing Officer ("DHO") found Fox guilty of the violation on April 15, 2020. See doc. no. 1-1 at 4 (Fox's "Regional Administrative Remedy Appeal," in which he states that he is appealing the DHO's April 15, 2020 report). According to Fox, the DHO later told him that she had subsequently changed his infraction to exchanging money for contraband in violation of BOP Code 217.[2] Fox claims that he was denied due process in

---

[2] Fox asserts in his petition that a violation of BOP Code 217 is a lesser charge than a violation of BOP Code 204, and that the DHO told Fox that she made the change for his benefit.

his disciplinary proceedings, including because he was unable to offer a defense against the lesser charge.

The warden seeks summary judgment, arguing that Fox's petition cannot survive because he failed to exhaust his administrative remedies. In support, he provides the declaration of Cheryl Magnusson, a legal assistant at the Consolidated Legal Center at the Federal Medical Center in Devens, Massachusetts. Doc. no. 8. The warden asserts, citing statements in Magnusson's declaration, that Fox committed certain procedural errors in appealing the DHO's decision through the BOP's Administrative Remedy Program ("ARP"). As a result of these errors, Fox's appeal purportedly encountered delays and remained pending when he filed the instant action. The warden argues that because Fox's appeal was still pending when he brought this suit, he had not exhausted his administrative remedies.

The problem with the warden's motion is that Magnusson's declaration does not support his arguments. In her declaration, Magnusson explains the ARP's appeals process and states that she is aware of the Incident Report that is the subject of this petition, No. 3384451. See doc. no. 8 ¶¶ 3-4. However, Magnusson's declaration does not discuss the DHO's decision or the administrative process pertaining to that Incident Report.

Instead, she provides details regarding Fox's efforts to appeal a different Incident Report, No. 3311007.[3] Id. ¶¶ 8-12.

Magnusson's declaration and referenced exhibits are the only evidence upon which the warden's motion relies. Because this declaration addresses different administrative proceedings from those pertaining to the Incident Report that is the subject of the instant petition, the warden has not shown that he is entitled to summary judgment based on the record presented.

## Conclusion

For the foregoing reasons, the warden's motion for summary judgment (doc. no. 7) is denied without prejudice.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

April 11, 2022

cc:  Robert F. Fox, pro se.
     Counsel of Record.

---

[3] It appears that the warden may have appended the wrong declaration from Magnusson. The warden cites paragraph 13 of the declaration in his motion, but Magnusson's declaration submitted with the motion ends with paragraph 12. In addition, the declaration is nearly identical to the declaration submitted in Fox v. Warden, 21-cv-159-PB, doc. no. 4-1, a case in which Fox challenges disciplinary proceedings pertaining to Incident Report No. 3311007.