UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Fox

    v.                                                Civil No. 21-cv-158-SE
                                                     Opinion No. 2022 DNH 100

Warden, FCI Berlin

O R D E R

Robert Fox, proceeding pro se, filed a petition under 28 U.S.C. § 2241, challenging disciplinary proceedings that resulted in his loss of 27 days of good conduct time and a fine. The warden moves for summary judgment, arguing that Fox failed to exhaust his available administrative remedies. Doc. no. 21. Fox objects. For the following reasons, the warden's motion is granted.

Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the record in the light most favorable to the

nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021). In considering a motion for summary judgment, the court may review materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

## Background

On March 31, 2020, staff at FCI Berlin monitored a phone call placed by prisoner Andrew White to his brother. White allegedly instructed his brother to pay Fox for protection while he lived in general population at FCI Berlin. Prison staff determined that White's family paid Fox a total of $990.00 since White arrived at FCI Berlin.

Fox was charged in Incident Report No. 3384451 with extortion, blackmail, protection, and demanding or receiving money for protection in violation of Bureau of Prisons ("BOP") Code 204. A Discipline Hearing Officer ("DHO") found Fox guilty of the violation on April 15, 2020. See doc. no. 1-1 at 4. According to Fox, the DHO later changed his infraction to exchanging money for contraband in violation of BOP Code 217, though the DHO did not alter the punishment he received for the infraction.[1] Fox filed a petition for habeas corpus relief

---

[1] Fox asserts in his petition that a violation of BOP Code 217 is a lesser charge than a violation of BOP Code 204, and that the DHO told Fox that she made the change for his benefit.

alleging constitutional violations in connection with his disciplinary proceedings.

## Discussion

The warden seeks summary judgment, arguing that Fox failed to exhaust his available administrative remedies before filing his habeas petition. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies before seeking relief in federal court. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). To properly exhaust his or her administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Acosta v. U.S. Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006); see Woodford, 548 U.S. at 90-91.

The BOP has established an administrative appeal process that allows prisoners to seek formal review of their complaints. See 28 C.F.R. §§ 542.10-542.19. Where, as here, the prisoner appeals a DHO's decision, step one requires the prisoner to submit his appeal to the Regional Director for the region where the prisoner is currently located. Id., § 542.14(d)(2). If the prisoner is dissatisfied with the Regional Director's response, step two requires the prisoner to appeal the decision to the General Counsel within 30 calendar days of the date the Regional

Director issues a response. Id., § 542.15(a). Filing an appeal with "the General Counsel is the final administrative appeal." Id. Once the prisoner has received a decision from the General Counsel, he has exhausted the BOP's two-step administrative remedy process. See id. Only then can the prisoner seek relief in federal court. Woodford, 548 U.S. at 90-91.

The warden argues that Fox failed to exhaust his administrative remedies before filing his habeas petition. In response, Fox claims that either he did exhaust his administrative remedies or, if not, the BOP prevented him from going through the exhaustion process.

I.   Fox's Appeals of the DHO's Decision[2]

At some point in May 2020, Fox filed his first appeal related to the DHO's decision regarding Incident Report No. 3384451 to the Regional Director ("step one of first appeal"). The Regional Director received the appeal on May 13, 2020. Doc. no. 17-2 at 1. On July 21, 2020, the Regional Director rejected the first appeal on procedural grounds, including because pages of the appeal were not legible. Id. Fox did not receive the rejection notice until September 12, 2020. Id.

---

[2] The timeline of events is taken from evidence in the record submitted by both parties, viewed in the light most favorable to Fox.

4

Fox attempted to correct the procedural errors mentioned in the rejection notice and resubmitted his appeal to the Regional Director on October 3, 2020 ("step one of second appeal"). Doc. no. 17-7. The Regional Director rejected the second appeal on October 26, 2020, again on procedural grounds. Id. Fox did not receive notice of the rejection until December 23, 2020. Id.

Fox asserts that before he received notice of the rejection of the second appeal on procedural grounds, he believed that the Regional Director had denied the second appeal on substantive grounds.[3] He points to 28 C.F.R. § 542.18, which states that if the Regional Director does not issue a response to an appeal within 30 calendar days, the prisoner "may consider the absence of a response to be a denial at that level." Therefore, on December 14, 2020, before he received notice of the Regional Director's denial of the second appeal on procedural grounds, Fox appealed what he believed to be a denial of the second appeal to the Office of the General Counsel ("step two of second appeal").

---

[3] Fox made this statement in an unsworn objection to one of the warden's prior motions. See doc. no. 18. Although the objection is not competent evidence, because it does not change the outcome of this order and in light of Fox's pro se status, the court will consider statements in the objection in resolving the warden's motion.

While step two of Fox's second appeal was pending with the Office of the General Counsel ("OGC"), he received the Regional Director's rejection of his second appeal on procedural grounds. Doc. no. 17-7. The rejection directed Fox to resubmit his appeal in proper form. Id. On January 7, 2021, Fox filed another appeal with the Regional Director, attempting to correct the procedural errors in his second appeal ("step one of third appeal").

Unbeknownst to Fox, three days before he filed his third appeal, the OGC responded to step two of his second appeal. Doc. no. 17-9. The OGC rejected the second appeal, stating: "Concur with the rationale of the regional office and/or institution for rejections. Follow directions provided on prior rejection notices." Doc. no. 17-9. Although the OGC had responded to and rejected the second appeal on January 4, 2021, Fox did not receive notice of the decision until January 28, 2021. Id.

Fox filed his habeas petition in this case on February 19, 2021. On March 26, 2021, the Regional Director responded to Fox's third appeal. Doc. no. 21-1, ¶ 13. The third appeal corrected the procedural errors from the prior appeals. Id. The Regional Director thus considered and denied the appeal on the merits. Id. Fox did not appeal the Regional Director's substantive decision on his third appeal to the OGC. Id., ¶ 14.

6

II. <u>Exhaustion of Administrative Remedies</u>

There is no dispute that on the day Fox filed his habeas petition in this case: 1) he was aware that his first and second appeals had been rejected on procedural grounds, and 2) his third appeal, which corrected his prior procedural errors, was pending with the Regional Director. Thus, at the time Fox instituted this action, neither the Regional Director nor the OGC had responded to Fox's appeal of the DHO's decision on the merits. Therefore, Fox failed to exhaust his administrative remedies prior to filing for habeas relief in this court. E.g., Cantrall v. Chester, 454 F. App'x 679, 681 (10th Cir. 2012) ("In this case, Mr. Cantrall did not exhaust the BOP's available administrative remedies because, as the district court observed, his appeals were denied on procedural grounds, so the BOP never denied his claim on the merits.").

In his objection to the warden's motion for summary judgment (and in prior filings), Fox complains about the length of time between when his appeals were denied and when he received notice of those denials. He suggests that the delay in receiving the denials was purposeful and designed to make sure his further appeals would be rejected as untimely.

Even if Fox's assertions were true, none of his appeals was rejected as untimely. Rather, the Regional Director and the OGC gave Fox the opportunity to correct his procedural errors and

the Regional Director accepted and ruled on the merits of his third appeal. Therefore, Fox's complaints about the timeliness of the responses to his appeals do not excuse his failure to exhaust his administrative remedies.

To the extent that Fox intended to allege that the BOP somehow prevented him from exhausting his administrative remedies by repeatedly rejecting his appeals on procedural grounds, that allegation is belied by the record. It is true that "exhaustion under § 2241 is not required when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Fox v. Hazelwood, No. 21-CV-159-PB, 2022 WL 2907992, at *1 (D.N.H. July 22, 2022) (quotation omitted) (citing cases). As mentioned, however, the Regional Director accepted and ruled on the merits of Fox's third appeal despite the procedural failings of his other appeals. Thus, Fox could have properly exhausted his administrative remedies by appealing the denial of his third appeal to the OGC. He did not do so.

III. Fox's Motion Requesting Relief

While the warden's motion for summary judgment was pending, Fox filed a "motion to have court ask BOP to restore good conduct, expunge incident report and unfreeze fine from account." Doc. no. 25. In that motion, Fox refers to an earlier

order from the court denying without prejudice the warden's previous motion for summary judgment. Doc. no. 20. Fox appears to believe that the court's ruling in that order entitles him to the relief he seeks in his habeas petition.

The court's ruling to which Fox refers did not grant Fox any relief. Instead, it denied the warden's motion for summary judgment without prejudice to a subsequent motion for relief. See id. at 4. The warden later filed a renewed motion for summary judgment, which is the subject of this order. Therefore, Fox's motion is denied.

## Conclusion

For the foregoing reasons, the warden's motion for summary judgment (doc. no. 21) is granted. Fox's motion for relief (doc. no. 25) is denied. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

August 22, 2022

cc:  Robert Fox, pro se.
     Seth R. Aframe, Esq.

9